J-S42041-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDREW DANIEL WOODHAM | : | |
| | : | |
| Appellant | : | No. 1120 MDA 2024 |

Appeal from the PCRA Order Entered June 19, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001321-2008

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDREW DANIEL WOODHAM | : | |
| | : | |
| Appellant | : | No. 1121 MDA 2024 |

Appeal from the PCRA Order Entered June 19, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001322-2008

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDREW DANIEL WOODHAM | : | |
| | : | |
| Appellant | : | No. 1122 MDA 2024 |

Appeal from the PCRA Order Entered June 19, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001323-2008

BEFORE:  OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED: FEBRUARY 10, 2026**

Andrew Daniel Woodham ("Woodham") appeals *pro se* from the order dismissing his third petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In 2008, Woodham fired multiple shots into a minivan occupied by three women, killing one woman and wounding the other two.  The Commonwealth charged Woodham at three separate dockets for these offenses.  In 2010, the matters proceeded to a consolidated jury trial at which the Commonwealth presented the testimony of two material eyewitnesses: Latoya Crosby ("Crosby"); and Kimberly Toney ("Toney").  At the conclusion of trial, the jury found Woodham guilty of one count each of murder in the third degree, attempted murder, aggravated assault, and shooting into an occupied vehicle, and two counts of recklessly endangering another person.  On April 14, 2010, the trial court imposed an aggregate sentence of twenty-seven to fifty-four years of incarceration.  This Court affirmed the judgments of sentence, and our Supreme Court denied allowance of appeal on August 8, 2012.  **See Commonwealth v. Woodham**, 38 A.3d 915 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 49 A.3d 443 (Pa. 2012).  Woodham did not seek further review in the United States Supreme Court.

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

In 2013, Woodham filed a PCRA petition, his first, which the PCRA court ultimately dismissed. This Court affirmed the dismissal order. **See Commonwealth v. Woodham**, 151 A.3d 1158 (Pa. Super. 2016) (unpublished memorandum). In 2019, Woodham filed a second PCRA petition in which he asserted, *inter alia*, that "the witnesses (Crosby and Toney) was [*sic*] held without bail, until they agreed . . . to testify for the Commonwealth in this matter." *Pro Se* PCRA Petition, 3/27/19, at 4-5. The PCRA court dismissed Woodham's second petition on September 1, 2020. Woodham did not appeal the dismissal of his second PCRA petition.

On November 17, 2023, Woodham filed the instant PCRA petition, his third. Therein, he asserted that the Commonwealth intentionally withheld exculpatory evidence in violation of **Brady v. Maryland**, 373 U.S. 83 (1963). **See** *Pro Se* PCRA Petition, 11/17/23, at 3. Although Woodham acknowledged that his petition was untimely, he claimed that his failure to previously raise the claim was the result of interference by government officials. **See id**.; **see also** 42 Pa.C.S.A. § 9545(b)(1)(i) (setting forth the timeliness exception to the PCRA's time bar based on governmental interference). Woodham further asserted that he "hired a [p]rivate investigator and based on what he discovered it was determined that the [District Attorney] intentionally withheld exculpatory evidence[.]" **Id**. at 4.

Woodham also filed a memorandum of law in which he asserted that his failure to previously raise a **Brady** claim was the result of interference by

government officials. In his memorandum, he attempted to invoke another timeliness exception, the newly discovered fact exception, by stating that the facts surrounding his **Brady** claim were unknown to him and could not have been ascertained through the exercise of due diligence. **See** Memorandum of Law, 11/17/23, at unnumbered 2; **see also** 42 Pa.C.S.A. § 9545(b)(1)(ii) (setting forth the timeliness exception based on newly discovered facts). Woodham asserted that there were witness interviews that he had "never received," and that that he "recently discovered that . . . two witnesses[, Crosby and Toney,] were held on material witness warrants." **Id**. at unnumbered 2, 3.

The PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. In its notice, the PCRA court explained that, although Woodham attempted to invoke two of the PCRA's timeliness exceptions, he failed to plead or prove that he filed the instant petition within one year of the date the claim could have been presented. **See** Rule 907 Notice, 3/19/24, at 2 n.1. Woodham filed a response to the notice. On June 19, 2024, the PCRA court issued an order dismissing the petition. Woodham filed a timely notice of appeal at each docket.[2] The PCRA court

---

[2] The record reflects that the notices of appeal were initially mailed by Woodham from prison to the clerk of courts with a postmark date of July 10, 2024. However, the notices of appeal were returned to Woodham to correct errors therein. Woodham thereafter filed amended notices of appeal in compliance with this Court's directive. This Court then consolidated the appeals sua sponte.

- 4 -

issued an order directing Woodham to file a concise statement pursuant to Pa.R.A.P. 1925(b).  Although the PCRA court references a concise statement filed by Woodham, *see* Order, 10/3/24, no such concise statement is reflected on the docket or included in the certified record.  The PCRA court then authored an opinion pursuant to Rule 1925(a).

Woodham raises the following issues for our review:

1. Did the PCRA court err when denying [Woodham's] timely PCRA petition which entitled [him] to enumerated exception under 42 Pa.C.S.A 9545(b)(1)(i) and Pa.C.S.A. 9545(b)(2)(ii).

2. Did the PCRA [court] err, and commit reversible error when it dismissed [Woodham's] petition without the benefit of a properly conducted evidentiary hearing to correct the many inaccuracies within the record therefore being unable to render fully informed legal opinion?

3. Did the Commonwealth's attorney perpetrate a knowing misrepresentation to the court when they failed to disclose the fact that the two key witnesses (Latoya Crosby/Kimberly Toney) were held in custody until the [*sic*] agreed to testify?

Woodham's Brief at 7 (unnecessary capitalization omitted).

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record.  We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.  This Court may affirm a PCRA court's decision on any grounds if the record supports it.  Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record.  However, we afford no such deference to its legal conclusions.  Where the

petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any petition, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania and the United States Supreme Court, or at the expiration of time for seeking such review. *See* 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, because Woodham did not petition the United States Supreme Court for further review following our Supreme Court's August 8, 2012 order denying allowance of appeal, his judgment of sentence became final ninety days later, on November 6, 2012. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also* U.S.Sup.Ct.R. 13 (providing that a petition for writ of certiorari in the United States Supreme Court must be filed within ninety days). Thus, Woodham had one year from that date, until November 6, 2013, to timely file a PCRA petition. As he did not file the instant petition until November 17, 2023, it is facially untimely.

Nevertheless, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions set forth under section 9545(b)(1). These exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Our Supreme Court has emphasized that "it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008) (citation omitted).

To demonstrate the governmental interference exception, the petition must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence. *See Commonwealth v. Staton*, 184 A.3d 949, 955 (Pa. 2018) (holding that, for the government interference exception to apply, a petitioner "is required to show that but for the interference of a government actor he could not have filed his claim earlier"); *see also Commonwealth v. Abu-Jamal*, 941 A.2d

1263, 1268 (Pa. 2008) (explaining that the exception requires the petitioner to plead that the facts upon which the claim is predicated were not previously known to the petitioner and could not have been ascertained through due diligence).

A **Brady** violation may satisfy the governmental interference exception; however, the petitioner must plead and prove that the failure to previously raise the **Brady** claim was the result of interference by government officials, and that the information could not have been obtained earlier with the exercise of due diligence. **See Commonwealth v. Williams**, 244 A.3d 1281, 1289 (Pa. Super. 2021). To establish a **Brady** violation, a defendant must prove: (1) the evidence at issue was favorable to the accused, either because it is exculpatory or because it impeaches; (2) the evidence was suppressed by the prosecution, either willfully or inadvertently; and (3) prejudice ensued. **See Commonwealth v. Spotz**, 18 A.3d 244, 276 (Pa. 2011).

The newly discovered fact exception excuses the untimeliness of a petition where the petition alleges, and the petitioner proves, that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii). The due diligence inquiry required by section 9545(b)(1)(ii) is fact-sensitive and dependent upon the circumstances presented. **See Commonwealth v. Burton**, 121 A.3d 1063, 1070 (Pa. Super. 2015) (*en banc*).

Notably, invoking either of these timeliness exceptions requires the petitioner to plead and prove that he could not have obtained the information underlying these exceptions more than one year before he filed his petition. *See* 42 Pa.C.S.A. § 9545(b)(2) (stating that any petition invoking a timeliness exception shall be filed within one year of the date the claim could have been presented); *see also Commonwealth v. Stokes*, 959 A.2d 306, 309-10 (Pa. 2008) (explaining that section 9545(b)(2) "requires a petitioner to plead and prove that the information on which he relies could not have been obtained earlier, despite the exercise of due diligence").

Preliminarily, we must determine whether Woodham invoked the PCRA court's jurisdiction by pleading and proving an exception to the PCRA's one-year time bar. In this regard, Woodham claims that "[o]n February 15, 2023, [he] hired a [p]rivate [i]nvestigator to locate newspaper articles from both the Times Leader and Citizen's Voice." Woodham's Brief at 14. According to Woodham, "[o]n March 28, 2023, [the investigator] gave [Woodham] his final investigative report" which consisted of newspaper articles. *Id*. Woodham submits that, "[b]ased on that information, which led [Woodham] to conduct a much more thorough research of the pre-trial discovery/testimony and determined [*sic*] that there were numerous discrepancies." *Id*. Woodham submits that "[a]fter months of further investigation [he] discovered numerous documents with date [*sic*] of interviews and re-interviews" of certain witnesses. *Id*. at 15. Woodham claims that he "has not received any

of this information before trial or during trial; and still to this day has not received this information." *Id*. Woodham asserts that "this information could not have been obtained earlier . . . because the Commonwealth failed to disclose to the defense that the prosecutions [*sic*] star witnesses were being held in custody on a material witness warrant . . ." *Id*. at 13. Woodham concludes that he "surely filed the current PCRA petition within one (1) year of receiving the private investigator's report." *Id*.

The PCRA court determined that Woodham's petition was untimely and that he failed to plead or prove any timeliness exception in his petition. The PCRA court explained:

> [Woodham's] third PCRA petition was facially untimely, and no exception to the PCRA's time requirements applied. As such, this court was without jurisdiction to grant [Woodham] the relief he requested. . . .
>
> * * * *
>
> Here, [Woodham] does not clearly indicate when he became aware of the 2008/2009 information that he alleges the Commonwealth failed to provide to him. Although he was represented by counsel from April of 2008 through his 2010 trial, post-sentence motions, sentencing, and direct appeal, and for purposes of his first PCRA petition filed [i]n July of 2013, [Woodham] does not state why he could not have obtained the 2008/2009 information during that time period. Based on the claims raised in his post-trial motions, and direct appeal, [Woodham] was clearly aware of and focused on the differing statements and credibility of Toney and Crosby as early as 2010. Even when given the opportunity to respond to the court's Rule 907 notice of its intention to dismiss his third PCRA petition, however, [Woodham] only offered that sometime after March 28, 2023, [he] conducted a "much more thorough research of the pre-trial discovery/testimony and discovered that there were numerous discrepancies." . . . Like [Woodham's] PCRA petition

- 10 -

and supporting memorandum of law, the response does not address why [Woodham] could not have conducted such research and made alleged discoveries during the nearly fifteen intervening years.

PCRA Court Opinion, 10/3/24, at 4-5 (unnecessary capitalization omitted).

Based on our review, we conclude that the PCRA court's determination that Woodham failed to satisfy any timeliness exception is supported by the record and free of error. As explained above, to invoke the government interference exception, Woodham was required to plead and prove in his petition that his failure to previously raise the instant claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence. *See Staton*, 184 A.3d at 955; *see also Abu-Jamal*, 941 A.2d at 1268. Although Woodham superficially pleaded that the Commonwealth intentionally withheld evidence, he clarified in his memorandum of law that he simply "never received" the various witness interviews, and he conceded that his "trial counsel [may have known] of this information and did not inform [Woodham] or use it during trial." Memorandum of Law, 11/17/23, at unnumbered 2, 3. Moreover, Woodham indicates in his brief that he became aware of such witness interviews while reviewing pretrial discovery and testimony from his case. *See* Woodham's Brief at 14. Woodham does not explain why he could not have reviewed the pretrial discovery and testimony from his case at an earlier date, or why he could not have asked his trial counsel for copies of all witness interviews prior to trial. Further, Woodham does not claim that the contents

of the witness interviews were exculpatory, let alone that they were favorable to him; rather, he merely theorizes that they could have been used for impeachment purposes at trial.

Similarly, to invoke the newly discovered facts exception, Woodham was required to plead and prove in his petition that the facts upon which the instant claim is predicated were unknown to him and could not have been ascertained by the exercise of due diligence. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii). Here, Woodham did not invoke the newly discovered facts exception in his petition. Instead, he referenced the exception in a memorandum of law that he filed on the same date as he filed his petition. Notably, in his memorandum of law, Woodham indicated that he hired a private investigator to locate newspaper articles regarding his case, and that the information he received from the private investigator consisted of such newspaper articles. **See** Memorandum of Law, 11/17/23, at unnumbered 4. Woodham has not explained why he could not have previously obtained the newspaper articles provided by the private investigator through the exercise of due diligence. In any event, newspaper articles do not constitute new facts for purposes of the newly discovered fact exception. **See Commonwealth v. Brown**, 141 A.3d 491, 503 (Pa. Super. 2016) (holding that where a source merely provides a starting point for a defendant to investigate and discover additional sources of new facts, that source does not constitute a newly discovered fact but may simply lead a defendant to a newly discovered fact).

Finally, we emphasize that to successfully invoke either of these exceptions, Woodham was required to plead and prove that that he could not have obtained the information underlying these exceptions more than one year before he filed his petition. *See* 42 Pa.C.S.A. § 9545(b)(2). Initially, we note that Woodham was aware that Crosby and Toney were held on material witness warrants at least as far back as 2019, when he filed his second PCRA petition in which he asserted, *inter alia*, that "the witnesses (Crosby and Toney) was [*sic*] held without bail, until they agreed . . . to testify for the Commonwealth in this matter." *Pro Se* PCRA Petition, 3/27/19, at 4-5. Thus, his petition was not filed within one year of Woodham discovering this information.

Moreover, to the extent that Woodham claims that his petition is timely because he filed it within one year of receiving the final report from the private investigator, he did not indicate in his petition (nor in his memorandum of law) when he received the final report from the investigator. Indeed, Woodham failed to provide the PCRA court with **any** discovery dates, which precluded the PCRA court from making even a preliminary determination as to when Woodham discovered either interference by government officials or newly discovered facts, and whether he filed his petition within one year of such discoveries. The failure to plead and prove such discovery dates, which are necessary to establish that the petition was filed within one year of the date the claim could have been presented pursuant to section 9545(b)(2),

- 13 -

supports the dismissal of Woodham's petition. ***See Stokes***, 959 A.2d at 309-10 (explaining that section 9545(b)(2) "requires a petitioner to plead and prove that the information on which he relies could not have been obtained earlier, despite the exercise of due diligence").

For these various reasons, we conclude that Woodham failed to satisfy the pleading and proof requirements necessary to invoke the government interference and newly discovered fact exceptions set forth at section 9545(b)(1)(i) and (ii). Accordingly, as Woodham failed to invoke the PCRA court's jurisdiction to consider the merits of the issues raised in his *pro se* petition, we affirm the order dismissing the petition.[3]

Order affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary


Date: 2/10/2026

_____

[3] We are mindful that Woodham asserted a claim that the PCRA court should have conducted an evidentiary hearing prior to dismissing his petition. However, Woodham failed to include any discussion of this issue in his brief. Consequently, we deem it waived. ***See Commonwealth v. Freeman***, 128 A.3d 1231 (Pa. Super. 2015) (holding appellant's failure to develop coherent legal argument in support of his claim resulted in waiver of issue on appeal).